1  STEVEN W. MOORE (SBN 193068)
   SWMoore@Foxrothschild.com
2  AARON M. SCOTT (SBN 353606)
   AScott@foxrothschild.com
3  JONATHAN C. PEARCE (SBN 347309)
   JCPearce@Foxrothschild.com
4  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
5  San Francisco, CA 94104-2670
   Telephone:   415.364.5540
6  Facsimile:   415.391.4436

7  Attorneys for Defendant
   RENEWAL BY ANDERSEN LLC

8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  ALAN DUNN, on behalf of himself, all      Case No.
    others similarly situated, and the general
14  public,                                    **NOTICE OF REMOVAL TO**
                                               **FEDERAL COURT PURSUANT TO**
15                      Plaintiff,             **28 U.S.C. SECTIONS 1332, 1441, AND**
                                               **1446**
16         v.

17  RENEWAL BY ANDERSEN LLC, a
    Minnesota limited liability company; and   Action Filed: July 14, 2025
18  JOHN DOES 1-10,                            Trial Date:

19                      Defendants.

20

21

22

23

24

25

26

27

28

---

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

# **TABLE OF CONTENTS**

I.   STATEMENT OF JURISDICTION ................................................. 1

II.  VENUE ............................................................................................. 1

III. PLEADINGS, PROCESS, AND ORDERS ................................... 1

IV. TIMELINESS OF REMOVAL ...................................................... 2

V.  CAFA JURISDICTION ................................................................. 3

    A.   This Is A Class Action ........................................................ 3

    B.   The Proposed Class Contains At Least 100 Members ................ 3

    C.   Defendant Is Not Governmental Entities ........................... 4

    D.   CAFA Diversity Of Citizenship Exists ........................... 4

    E.   The Amount In Controversy Exceeds $5,000,000 ................ 6

    F.   Attorney's Fees.................................................................... 11

VI. EQUITABLE JURISDICTION DEFENSE ............................... 13

VII. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT ......... 15

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002)........................................................ 10

6
7
*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) ........................................................................ 6

8
9
*Campbell v. Vitran Exp., Inc.*,
471 F. App'x 646 (9th Cir. 2012) ................................................................ 10

10
11
*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)........................................................................................ 10

12
13
*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014).................................................................................. 5, 9

14
15
*Favell v. Univ. of S. California*,
No. CV 23-3389-GW-MARX, 2023 WL 4680357 (C.D. Cal. July 5,
2023) ............................................................................................................. 12

16
17
*Fritsch v. Swift Transp. Co. of Arizona*,
899 F.3d 785 (9th Cir. 2018) .......................................................................... 9

18
19
*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ........................................................................ 9

20
21
*Goldberg v. CPC International*,
678 F. 2d 1365 (9th Cir. 1982) .................................................................... 10

22
23
*Greene v. Harley-Davidson, Inc.*,
965 F.3d 767 (9th Cir. 2020) .......................................................................... 8

24
25
*Guthrie v. Transamerica Life Ins. Co.*,
561 F. Supp. 3d 869 (N.D. Cal. 2021) ........................................................ 12

26
*Harrington v. California Physicians' Service*,
41 Trials Digest 23d 14, 2018 WL 11213043 (2018) ..................................... 9

27
28
*Harry Dennis and John Koz v. Kellogg Company*,
2010 WL 4845773 (2010).............................................................................. 8

iii

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ............................................................... 6, 10

*Jones v. Tween Brands, Inc.*,
    No. 2:14-CV-1631-ODW, 2014 WL 1607636 (C.D. Cal. Apr. 22, 2014).................... 6

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ....................................................................... 4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................ 6

*Kim v. Walmart, Inc*,
    No. 2:22-CV-08380-SB-PVC, 2023 WL 196919 (C.D. Cal. Jan. 13,
    2023) ...................................................................................................... 12

*Kimberly Banks et al v. R.C. Bigelow, Inc., et al*,
    No. 2:20-cv-06208, ECF No. 39-56 (C.D. Cal. June 17, 2022.) .................................. 8

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ....................................................................... 4

*Lewis v. Verizon Commc'ns, Inc.*,
    627 F.3d 395 (9th Cir. 2010) ..................................................................... 10

*Longmire v. HMS Host USA, Inc.*,
    2012 WL 5928485 (S.D. Cal. Nov. 26, 2012).............................................. 10

*Maryam Burcham, on Behalf of Herself and All Others Similarly Situated v.*
    *Welch Foods, Inc.*,
    2011 WL 793004 (2011)........................................................................... 1, 9

*McCraw v. Lyons*,
    863 F. Supp. 430 (W.D. Ky. 1994)............................................................... 6

*Mendoza v. Nat'l Vision, Inc.*,
    No. 19-CV-01485-SVK, 2019 WL 2929745 (N.D. Cal. July 8, 2019)....................... 11

*Mish v. TForce Freight, Inc.*,
    No. 21-CV-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) .................... 12

*Molnar v. 1-800-Flowers.com, Inc.*,
    No. 08-CV-0542-CAS-JCx, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ................. 11

iv

*Muniz v. Pilot Travel Centers LLC*,
   No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1,
   2007) ......................................................................................................... 6

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ................................................................................... 2

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ..................................................................... 5

*NewGen, LLC v. Safe Cig, LLC*,
   840 F.3d 606 (9th Cir. 2024) ..................................................................... 5

*Northern Illinois Gas Co. v. Airco Indus. Gases*,
   676 F.2d 270 (7th Cir. 1982) ..................................................................... 2

*Overholt v. Airista Flow Inc.*,
   No. 17cv1337-MMA (AGS), 2018 WL 355231 (S.D. Cal. Jan. 10, 2018) ................... 4

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ................................................................. 11

*Rippee v. Boston Market Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ...................................................... 6

*Rodman v. Safeway Inc.*,
   No. 15-17390 (9th Cir. 2017) .................................................................... 8

*Rodriguez v. Cleansource, Inc.*,
   2014 WL 3818304 (S.D. Cal., Aug. 4, 2014) .......................................... 10

*Ruiz v. The Bradford Exchange*,
   Ninth Circuit Docket No. 24-3378 ..................................................... 12, 13

*Simmons v. PCR Technology*,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) .................................................. 10

*Snyder v. Harris*,
   394 U.S. 332 (1969) ................................................................................. 4

*Spivey v. Vertrue, Inc.*,
   528 F.3d 982 (7th Cir. 2008) .................................................................. 10

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................... 4

v

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
   300 F.3d 1129 (9th Cir. 2002) ........................................................................ 4

*Thomas v. Aetna Health of Cal. Inc.*,
   Case No.: 10-CV-01906 AWI (SKO) 2011 WL 2173715 (E.D. Cal. June
   2, 2011) .......................................................................................................... 6

*Tompkins v. Basic Research LL*,
   No. CIV. S08244-LKK-DAD, 2008 WL 1808316 (E.D. Cal. Apr. 22,
   2008) ............................................................................................................. 11

*Travonne Hooks v. Dignity Health*,
   No. CV2207699DSFPDX, 2022 WL 17968833 (C.D. Cal. Dec. 27, 2022) ............... 12

*Treinish v. iFit Inc.*,
   No. CV 22-4687-DMG (SKX), 2022 WL 5027083 (C.D. Cal. Oct. 3,
   2022) ............................................................................................................. 12

*United Computer Systems, Inc. v. AT & T Corp.*,
   298 F.3d 756 (9th Cir. 2002) ............................................................................ 2

*Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*,
   No. 2:23-CV-02802-MCS-JC, 2023 WL 5246264 (C.D. Cal. Aug. 14,
   2023) ............................................................................................................. 12

*Wren v. RGIS Inventory Specialists*,
   No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................ 11

*Young v. Renewal by Andersen, LLC et al.*,
   Case No. 2:24-cv-01759 (E.D. Cal. Sep. 19, 2024) ........................................ 12, 13

*Young v. Renewal by Andersen, LLC, et al.*,
   Ninth Circuit Docket No. 24-6095 ................................................................... 12

**Statutes**

28 U.S.C. § 84(c) ............................................................................................... 1

28 U.S.C. § 1332(d) ..................................................................... 1, 2, 3, 4, 5, 10, 11

28 U.S.C. § 1332(d)(2) ..................................................................................... 11

28 U.S.C. § 1332(d)(2)(A) ................................................................................ 4, 5

28 U.S.C. § 1332(d)(5)(B) ................................................................................ 3, 4

28 U.S.C. § 1441 .................................................................................................... 1

28 U.S.C. § 1441(a) ........................................................................................... 1, 5

28 U.S.C. § 1446 ............................................................................................... 1, 2

28 U.S.C. § 1446(a) ........................................................................................... 1, 5

28 U.S.C § 1446(b)(2)(B) ....................................................................................... 2

28 U.S.C. § 1446(d) ............................................................................................. 13

28 U.S.C. § 1453 ......................................................................... 1, 2, 3, 4, 5, 10, 11

28 U.S.C. § 1453(b) ................................................................................................ 4

28 U.S.C. § 1711-15 ................................................................... 1, 2, 3, 4, 5, 10, 11

CAFA ..................................................................................................................... 9

Cal. Bus. & Prof. Code § 17200 ......................................................................... 12

Cal Bus. & Prof. Code §§ 17200, et. seq. ............................................................. 1

Cal. Bus. & Prof. Code § 17208 ........................................................................... 3

Cal. Bus. & Prof. Code § 17500 ......................................................................... 12

Cal. Bus. & Prof. Code §§ 17500, et seq. ............................................................. 2

California Legal Remedies Act ........................................................................... 12

Class Action Fairness Act of 2005 ....................................................................... 1

Code Civ. Proc. § 338(a) ....................................................................................... 3

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Renewal by Andersen LLC ("Defendant") hereby removes the state court action described herein, filed by Plaintiff Alan Dunn ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(b), 1332(d), 1441, 1446, and 1453. Defendant makes the following allegations in support of its Notice of Removal:

**I. STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction over any civil action: (a) that is a class action with a putative class of more than one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**II. VENUE**

2.    Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(b), 1441(a), and 1446(a).

**III. PLEADINGS, PROCESS, AND ORDERS**

3.    On July 14, 2025, Plaintiff filed an unverified Class Action Complaint (the "Complaint") against Defendant Renewal by Andersen LLC and John Does 1 through 10 in the Los Angeles County Superior Court, entitled *Alan Dunn, on behalf of himself, all others similarly situated, and the general public v. Renewal by Andersen LLC, a Minnesota limited liability company;, and John Does 1-10*, designated Case No.

25STCV20786 (the "State Court Action").

4.    The Complaint asserts the following two causes of action:

(1)    Unfair Competition, Cal Bus. & Prof. Code §§ 17200, et. seq.; and

(2)    False Advertising, Cal. Bus. & Prof. Code §§ 17500, et seq.

The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.    On July 21, 2025, Defendant Renewal by Andersen LLC was served by process server, that was received by its registered agent, Plaintiff's Summons, Complaint, and Civil Case Cover Sheet.  (Declaration of Aaron M. Scott ("Scott Decl.") ¶ 2.)  Copies of these documents are attached hereto as **Exhibit A**.  (*Id.*)

6.    **Exhibit A** comprises all process, pleadings and orders served on or by Defendant in the State Court Action.  (Scott Decl. ¶ 3.)

## IV.    <u>TIMELINESS OF REMOVAL</u>

7.    This Notice of Removal is timely in that it has been filed and served within 30 days of the July 21, 2025, receipt of the Summons and Complaint by Defendant Renewal by Andersen LLC.  28 U.S.C § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant" by which to file the notice of removal.); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service).

8.    The Doe defendants named in the Complaint do not affect this Notice of Removal. *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition."). Moreover, Plaintiff has not filed or served any document indicating that any "Doe defendants" have been served with the Summons and Complaint. Hence the Doe defendants need not join in the Notice of Removal. See *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("The rule of unanimity does not apply to nominal, unknown or fraudulently joined parties.") (internal quotations

omitted).

## V.    CAFA JURISDICTION

9.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446 and 28 U.S.C. § 1453. As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

### A.    This Is A Class Action

10.    Plaintiff filed this action as a class action. (Complaint, ¶¶ 5, 34-44, 46, 52-53, 56-58, 60, 63-66.)

### B.    The Proposed Class Contains At Least 100 Members

11.    The provisions of CAFA apply to proposed class actions involving 100 individuals or more. *See* 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

12.    Plaintiff brings this lawsuit on behalf of himself and "All California citizens who, within the applicable statute of limitations (the "Class Period"), purchased from a California Renewal by Andersen retailer one or more replacement doors or windows advertised as being 'Custom Built in the USA' or 'Proudly Made in the US,' and who have not received a refund or credit for their purchase(s) (the "Class")." (Complaint, ¶ 34.)  Count One of the Complaint, under California's Unfair Competition Law, has a four-year statute of limitations.  Cal Bus. & Prof. Code § 17208.  Count Two of the Complaint, under California's False Advertising Law, has a three-year statute of limitations.  Code Civ. Proc. § 338(a) ("the default statute of limitations that generally applies to actions for personal injuries based on statutory violations is three years.")  The "Class Period" is therefore the time period of four years prior to the filing of the Complaint [on July 14, 2025] in this action up to, and including, the present. Thus, the

Class Period is July 14, 2021, to the present.

13.    The Complaint alleges that, "[o]n information and belief, Plaintiff believes that the proposed Class contains thousands of individuals."  Complaint, ¶ 37.

14.    The Declaration of Erik Grendahl ("Grendahl Decl.") filed herewith confirms that thousands of California customers purchased Renewal by Andersen® products from his company, River City Window & Door, Inc. d/b/a RbA of Sacramento, during the Class Period. (Grendahl Decl. ¶ 3.)

15.    Defendant understands the Complaint to allege that all Renewal by Andersen® products were unlawfully advertised.  If Plaintiff's allegations were assumed to be accurate for purposes of this removal, the putative class would consist of thousands of individuals even without considering sales to California residents made by Renewal by Andersen LLC or its other independent retailers.  (Grendahl Decl. ¶ 3.)

### C.    Defendant Is Not Governmental Entities

16.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

17.    Defendant is not a governmental entity.  (Declaration of Karl Halling ("Halling Decl.") ¶ 5.)

### D.    CAFA Diversity Of Citizenship Exists

18.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

19.    For diversity purposes, a person is a "citizen" of the state in which he is

domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

20.    Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in and is a citizen of the State of California. Complaint, ¶ 10 ("Plaintiff Alan Dunn is a citizen of the State of California.")

21.    "A limited liability company is a citizen of every state of which its owner/members are citizens, not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2024)

22.    Renewal by Andersen LLC is a limited liability company organized under the laws of the State of Minnesota.  (Halling Decl. ¶ 3.)  All of the membership units of Renewal by Andersen LLC are owned by SLBP Holdings Corporation.  (*Id.*)

23.    SLBP Holdings Corporation is a corporation organized under the laws of the State of Minnesota. (Halling Decl. ¶ 4.) Its principal place of business is in Bayport, Minnesota. (*Id.*)

24.    Accordingly, for purposes of diversity jurisdiction, Defendant is a citizen of the State of Minnesota.

25.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

26.    Accordingly, the named Plaintiff is a citizen of a state (California), which is different from Defendant (Minnesota), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.    The Amount In Controversy Exceeds $5,000,000

27.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

28.    For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

6

29.    A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at \*5 (E.D. Cal. May 1, 2007) (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 WL 1607636, at \*2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden.") (citing *Muniz*, 2007 WL 1302504, at \*7); *Thomas v. Aetna Health of Cal. Inc.*, Case No.: 10-CV-01906 AWI (SKO) 2011 WL 2173715, at \*20 (E.D. Cal. June 2, 2011) ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 WL 1302504, at \*3)).

30.    Defendant denies the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class is entitled to any damages or relief whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

31.    Plaintiff's theory is that "misrepresentations or omissions of material fact were uniformly made to all members of the Class" (consisting, according to Plaintiff, of "thousands" of members).  Complaint, ¶¶ 37, 42.

32.    Plaintiff alleges that "Defendants' false advertising affected the purchasing decisions of all Class members."  Complaint, ¶ 42.

33.    Plaintiff alleges "Defendants advertise that their replacement windows and doors are 'Custom Built in the USA' and 'Proudly Made in the US,' when in fact they contain foreign-made parts." Complaint, ¶ 14.  Plaintiff further alleges that "[i]n some but not all of those advertisements, Renewal notes in barely legible print at the bottom of the page (or otherwise separated from its country-of-origin claims) that its replacement

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

windows and doors are built in America 'using U.S. and imported parts.' But that means their products are not, by definition, made or built in America. And even if such a qualification were permissible, it would have to be 'sufficiently clear, prominent, and understandable to prevent deception,' which is not the case for Renewal." Complaint, ¶ 16.

34.    Plaintiff's claim is that the Class members "uniformly paid more for their items than they would have had Renewal not falsely advertised that their products were 'Custom Build in the USA,' 'Made in the US, and the equivalent.'"  Complaint, ¶ 42.

35.    Specifically, Plaintiff alleges that Defendant's doors and windows advertised as made in the US, or an equivalent, "are *significantly more expensive* than many other brands of replacement windows and doors, as opposed to another brand," and that "[h]ad Plaintiff known that neither all nor virtually all ingredients or components of Renewal replacement windows and doors were made and sourced in the United States, he would not have purchased the windows and doors or would only have been willing to purchase them for a price *significantly lower* than he paid. Complaint ¶¶ 31, 33 (emphasis added). Plaintiff alleges the same as it pertains to the proposed class: "the Proposed Class would not have purchased the products that they did for the price that they paid without Defendants' misrepresentations." *Id.* at 53.

36.    Under both of its causes of action, Plaintiff seeks restitution to Class members of "Defendants' unjust enrichment as a result of the scheme."  Complaint, ¶¶ 57, 65.

37.    Plaintiff's Complaint does not define what "significantly more expensive" or "significantly lower" means, nor does it put a number to the premium paid for doors and windows advertised as made in the US. However, in analogous litigation a plaintiff's expert claimed that purchasing tea incorrectly labeled as made in the US resulted in overpayment of 11.07%. *Kimberly Banks et al v. R.C. Bigelow, Inc., et al*, No. 2:20-cv-06208, ECF No. 39-56 at 22 (C.D. Cal. June 17, 2022.), https://ecf.cacd.uscourts.gov/doc1/031138027120.

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

38.     During the Class period, a River City Window & Door, Inc. d/b/a Renewal by Andersen of Sacramento received gross revenue of more than $75,000,000 from the sale of Renewal by Andersen® products to its customers. (Grendahl Decl. ¶ 4.)

39.     Assuming that Plaintiff pursued recovery on the same premise as did the plaintiff's expert in *Kimberly Banks*, an 11.07% alleged overpayment applied to the total volume of product sales reflected in the Grendahl Declaration alone would total $8,302,500.  Because sales occurred during the period at issue to California customers throughout the state, not just by Renewal by Andersen of Sacramento, the total amount at issue is substantially higher if all sales are considered.

40.     In addition to the above calculation, similar cases brought under UCL and FAL for false advertising demonstrate that the amount at stake in this litigation meets the jurisdictional threshold of $ 5,000,000. When, as here, the plaintiff's complaint does not state the amount in controversy, a removing defendant may show that the amount in controversy exceeds CAFA's threshold by citing a case based on the same or similar statute in which the court awarded comparable relief. *Greene v. Harley-Davidson, Inc.,* 965 F.3d 767, 771-72 (9th Cir. 2020).

41.     For example, in *Harry Dennis and John Koz v. Kellogg Company*, 2010 WL 4845773, the plaintiffs brought a class action lawsuit against defendants alleging false advertising and unfair competition due to the defendant's cereal advertising that it "was clinically shown to improve children's attentiveness by nearly 20%." Plaintiffs alleged this claim was false and misleading. The plaintiffs sought recovery for the difference in the price paid for the product as advertised and the value of the product received. The case settled for approximately $10.5 million dollars.

42.     In *The People of the State of California vs. Corinthian Schools Inc.*, 42 Trials Digest 10th 4, the state alleged that Corinthian Schools engaged in false advertising and unfair competition in violation of the FAL and UCL by misrepresenting job placement rates and program quality. The court entered a judgement in the amount of $6,500,000, with $5,800,000 in restitution going to students.

9

43.    In *Rodman v. Safeway Inc., 40 Trials Digest 19th 19*, plaintiffs alleged that Safeway misrepresented its online grocery pricing policy, promising price parity with in-store prices but secretly charging more for online orders. Plaintiff brought a class action lawsuit alleging that by charging more than in-store prices, defendant violated both the UCL and FAL. The court entered a judgment in the amount of $41,884,767.

44.    In *Maryam Burcham, on Behalf of Herself and All Others Similarly Situated v. Welch Foods, Inc.*, 2011 WL 793004, plaintiffs brought a class action lawsuit alleging that Welch's "100% Juice White Grape Pomegranate" was falsely advertised as containing significant pomegranate juice, when it did not. The case settled for $30,000,000.

45.    In *Harrington v. California Physicians' Service*, 41 Trials Digest 23d 14, plaintiffs alleged that Blue Shield misrepresented the scope of its provider network in violation of the UCL and FAL. Plaintiffs claimed that they obtained medical care from providers they believed were in defendant's full network when in fact they were not, causing plaintiffs to be responsible for a much larger share of the bills because providers were out of network for their plans. The case settled for $23,400,000. The damages were based on the difference in value between the plan as represented and the plan as actually provided.

46.    To reiterate, Defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. That standard is easily satisfied here. Assuming a conservating 11.07% overpayment of just one independent retailer in California, Defendant meets the amount in controversy requirement, and false advertising and unfair competition lawsuits under the UCL and FAL against large companies such as Defendant have obtained settlements or judgements that far exceed this jurisdictional threshold. Given the damages involved in similar cases and considering Plaintiff's Complaint alleges a false advertising scheme uniformly applicable to the entire class, it is certainly plausible that the amount in controversy could far exceed $5,000,000. Therefore, the amount in controversy

10

requirements of CAFA are satisfied here.

**F.    Attorney's Fees**

47.    It is a long-established principle in the Ninth Circuit, and a common practice among federal district courts, to include an estimate of attorneys' fees in determining whether the jurisdictional amount for removal has been met. *See Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (affirming that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may be included when calculating the amount in controversy); *Goldberg v. CPC International*, 678 F. 2d 1365, 1367 (9th Cir. 1982) ("potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorney's fees likely to be incurred cannot be estimated at the time of removal"). "[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (court may apply its "twenty-plus years' experience" to project the likely attorneys' fees to be incurred, even if the specific "attorney's fees cannot be precisely calculated" at the time of removal).

48.    Consideration of attorney's fees is also appropriate in evaluating whether the jurisdictional amount has been met under CAFA. *See, e.g., Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, *3-5 (S.D. Cal., Aug. 4, 2014) (denying motion to remand because CAFA jurisdictional amount was met when attorneys' fees in the amount of 25% of the common fund were included in the amount in controversy estimate); *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when

analyzing disputes over the amount in controversy under CAFA."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA).

49.    Defendant's calculation of attorneys' fees need only be "plausible," and does not require proof by "evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)) ("'[A] defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold,' and *need not contain evidentiary submissions*.") (emphasis added).  Plaintiff cannot defeat removal based on the attorneys' fees calculation unless he can show that it is "legally impossible for [him] to recover that much." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million . . . *then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much*.") (emphases added).

50.    Federal courts have held that, for purposes of removal, it is "plausible" to calculate attorneys' fees as 25% of the total potential damages likely to be recovered.  *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Mendoza v. Nat'l Vision, Inc.*, No. 19-CV-01485-SVK, 2019 WL 2929745, at *6 (N.D. Cal. July 8, 2019) ("The Court agrees that 25% of the aggregate amount in controversy provides a reasonable estimate of the potential attorneys' fees at issue."); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Molnar v. 1-800-Flowers.com, Inc.*, No. 08-CV-0542-CAS-JCx, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) ("fair estimate of attorneys' fees in

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

this action is 25% of compensatory damages"); *Tompkins v. Basic Research LL*, No. CIV. S08244-LKK-DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) (when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund).

51.    Here, Plaintiff seeks the award of attorney's fees.  Complaint, at 15.

52.    Assuming that a 25% attorney's fee award was added to potential damages of $ 8,302,500, the total amount in controversy would rise to **$ 10,378,125.**

53.    Removal of this action is therefore proper as the aggregate value of Plaintiff's class claims for restitution damages and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

54.    In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional minimum. Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VI.    EQUITABLE JURISDICTION DEFENSE

55.    Plaintiff has drafted the Complaint with the specific intent of preventing removal to federal court.  Plaintiff alleges that he "does not allege that he lacks an adequate remedy at law."  Complaint ¶ 9.  The Complaint alleges that Defendant's conduct has violated the California Legal Remedies Act (CLRA), see Complaint ¶ 55, but elects to plead claims only under the UCL (Cal. Bus. & Prof. Code § 17200) and FAL (Cal. Bus. & Prof. Code § 17500).

56.    Plaintiff plainly intends to argue—as his counsel has argued in other cases—that because Plaintiff is pursuing only equitable claims under the UCL and FAL then his case cannot be heard in federal court because of a lack of "equitable jurisdiction."

57.    Plaintiff's argument about equitable jurisdiction has succeeded in some district courts.  *See, e.g., Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021); *Young v. Renewal by Andersen, LLC et al.*, Case No. 2:24-cv-01759 (E.D. Cal. Sep. 19, 2024).  Other district courts have denied motions to remand based on "equitable jurisdiction" arguments.  *See, e.g., Kim v. Walmart, Inc*, No. 2:22-CV-08380-SB-PVC, 2023 WL 196919, at *3 (C.D. Cal. Jan. 13, 2023); *Wilcox v. Harbor UCLA*

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

*Med. Ctr. Guild, Inc.*, No. 2:23-CV-02802-MCS-JC, 2023 WL 5246264, at *9 (C.D. Cal. Aug. 14, 2023); *Favell v. Univ. of S. California*, No. CV 23-3389-GW-MARX, 2023 WL 4680357, at *3 (C.D. Cal. July 5, 2023); *Travonne Hooks v. Dignity Health*, No. CV2207699DSFPDX, 2022 WL 17968833, at *3 (C.D. Cal. Dec. 27, 2022); *Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKX), 2022 WL 5027083, at *5 (C.D. Cal. Oct. 3, 2022); *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *10 (N.D. Cal. Oct. 6, 2021).

58.     The Ninth Circuit has not yet issued a decision directly resolving the question of whether plaintiffs may use the purported lack of equitable jurisdiction to thwart removal to federal court in cases, like this one, in which subject matter jurisdiction is present.  That question is likely to be answered in one of multiple cases currently pending before the Ninth Circuit.  In *Ruiz v. The Bradford Exchange*, Ninth Circuit Docket No. 24-3378, in which oral argument was held on March 27, 2025 but decision has not yet been issued, the Ninth Circuit is considering appeal of a remand order advancing multiple arguments, including that a removing party should be permitted to waive the defense of equitable jurisdiction allowing the case to proceed in federal court. Another appeal of substantially the same issue is pending in *Young v. Renewal by Andersen, LLC, et al.*, Ninth Circuit Docket No. 24-6095—a separate class action filed against Defendant by the same law firm representing Plaintiff—in which the defendants are appealing the district court order remanding the case to state court.

59.     Defendant submits that the arguments of appellants in cases like *Ruiz* and *Young* are correct and that equitable jurisdiction cannot properly be used as a basis to thwart removal of cases like this one to federal court.

60.     To address direction from the Ninth Circuit that may arise from the pending appeals, Defendant hereby waives lack of equitable jurisdiction as a defense and states that it will not seek to dismiss this litigation from federal court on the basis of a lack of equitable jurisdiction.

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6

## VII.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

61.    Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal without its accompanying exhibits will be filed with the Clerk of the Los Angeles County Superior Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  August 20, 2025

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Aaron M. Scott*
STEVEN W. MOORE
AARON M. SCOTT
JONATHAN C. PEARCE
*Attorneys for Defendant*
RENEWAL BY ANDERSEN LLC

NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT
TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446
175350427.6