# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 7

**25STCV20786**                                                      July 21, 2025
**ALAN DUNN vs RENEWAL BY ANDERSEN LLC**                             11:25 AM

Judge: Honorable Samantha Jessner          CSR: None
Judicial Assistant: Aracely Rosas          ERM: None
Courtroom Assistant: Teresa Bivins         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Case Reassignment 170.6;

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge Samantha Jessner in Department 7, for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer Carolyn B. Kuhl.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Elihu M. Berle in Department 6 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Service is attached.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Renewal by Andersen LLC, a Minnesota limited liability company; and John Does 1–10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Alan Dunn, on behalf of himself, all others similarly situated, and the general public

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/16/2025 4:52 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Jones, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Spring Street Courthouse

312 N. Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV20786

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tom Warren, Warren Terzian LLP, 222 N. Pacific Coast Hwy, Suite 2000, Los Angeles, CA 90245; (213) 410-2620

| DATE:<br>*(Fecha)* 07/16/2025 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* | K. Jones | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Renewal by Andersen LLC

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* Limited liability company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

For your protection and privacy, please press the Clear
This Form button after you have printed the form. [Print this form] [Save this form] [Clear this form]

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**25STCV20786**                                                July 16, 2025
**ALAN DUNN vs RENEWAL BY ANDERSEN LLC**                       3:54 PM

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: 170.6 CCP (Peremptory Challenge)

The Court reviews the Peremptory Challenge filed by Alan Dunn (Plaintiff) on 07/15/2025 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

The case is ordered transferred to Judge Samantha Jessner in Department 7 at the Spring Street Courthouse for reassignment purposes only.

The Judicial Assistant hereby gives notice.

Certificate of Service is attached.

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA, 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/16/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: L. M'Greené Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>Alan Dunn | |
| DEFENDANT(S)/RESPONDENT(S):<br>Renewal by Andersen LLC | |
| **CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE** | CASE NUMBER:<br>25STCV20786 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

### Minute Order of 07/16/2025

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Dan Terzian, "** <dan.terzian@warrenterzian.com>

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 07/16/2025                    David W. Slayton, Executive Officer / Clerk of Court

By:  L. M'Greené
                                                   Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use                                          Code of Civil Procedure § 1013b(4)

**COPY**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>WARREN TERZIAN LLP<br>Dan Terzian<br>222 N. Pacific Coast Highway, Suite 2000<br>Los Angeles, CA 90245<br>213.410.2620 | STATE BAR NUMBER:<br>283835 | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name): Plaintiff Alan Dunn

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 15 2025

David W. Slayton, Executive Officer/Clerk of Court

COURTHOUSE ADDRESS:
312 N. Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Alan Dunn

DEFENDANT/RESPONDENT:
Renewal by Andersen LLC

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>25STCV20786 |
|---|---|

| Name of Judicial Officer: (PRINT)<br>Hon. Carolyn B. Kuhl | Dept. Number:<br>12 |
|---|---|
| ☑ Judge   ☐ Commissioner   ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Alan Dunn
_____
Name of Party

☑ Plaintiff/Petitioner    ☐ Cross Complainant
☐ Defendant/Respondent    ☐ Cross Defendant
☐ Other: _____

Dated: July 15, 2025

_____
Signature of Declarant

Dan Terzian
_____
Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

## Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span style="font-size:small">(INSERT DATE)</span>                    <span style="font-size:small">(INSERT DATE)</span>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____        _____
                                                            JUDICIAL OFFICER

[ Print ]    [ Save ]                                    [ Clear ]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

)
)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_          _Carolyn B. Kuhl_

5                                   Carolyn B. Kuhl, Supervising Judge of the
                                    Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

   For purposes of this General Order, all electronic filings must be in compliance with California

   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

   Division of the Los Angeles County Superior Court.


   This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.


DATED:  May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Warren Terzian LLP; Thomas D. Warren (CA160921)<br>222 N. Pacific Coast Highway, Suite 2000; Los Angeles, CA 90245 | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>7/15/2025 1:48 PM<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By J. Nunez, Deputy Clerk** |

TELEPHONE NO.: (213) 410-2620      FAX NO. :
EMAIL ADDRESS: tom.warren@warrenterzian.com
ATTORNEY FOR *(Name):* Plaintiff Alan Dunn

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 312 N Spring St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Alan Dunn v. Renewal by Andersen LLC, a Minnesota limited liability company; and John Does 1–10

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | ☐ Counter ☐ Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **25STCV20786**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☒ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
   c. ☒ Substantial amount of documentary evidence         court
                                                         f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* Unfair Competition and False Advertising
5. This case ☒ is ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:   July 14, 2025
Erick Kuylman
_____
(TYPE OR PRINT NAME)                                ▶        _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.   Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                      **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
    harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| Dunn v. Renewal by Andersen LLC | 25STCV20786 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE<br>Dunn v. Renewal by Andersen LLC | | CASE NUMBER<br>25STCV20786 |
|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | ①, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06)<br>(not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Dunn v. Renewal by Andersen LLC | 25STCV20786 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/<br>Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                     Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real<br>Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer<br>– Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer<br>– Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer<br>– Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re<br>Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial<br>Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE<br>Dunn v. Renewal by Andersen LLC | | CASE NUMBER<br>25STCV20786 |
| --- | --- | --- |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
| --- | --- | --- | --- |
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Dunn v. Renewal by Andersen LLC | CASE NUMBER<br>25STCV20786 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Confidential - PII home address |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _07/14/2025_                              _____
                                                (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                      **AND STATEMENT OF LOCATION**



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/Cl0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/14/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ J. Nunez _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV20786 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on 07/15/2025 _____          By J. Nunez _____ , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

1  **WARREN TERZIAN LLP**
   Thomas D. Warren (CA 160921)
2  tom.warren@warrenterzian.com
   Dan Terzian (CA 283835)
3  dan.terzian@warrenterzian.com
   Erick K. Kuylman (CA 313202)
4  erick.kuylman@warrenterzian.com
5  222 N Pacific Coast Hwy, Ste 2000
   El Segundo, CA 90245-5614
6  Telephone: (213) 410-2620
7
   *Attorneys for Plaintiff*
8  *and Proposed Class Counsel*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/14/2025 5:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

9

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            IN AND FOR THE COUNTY OF LOS ANGELES

12

13  ALAN DUNN, on behalf of himself, all others    Case No.   25STCV20786
    similarly situated, and the general public,
14                                                  **Class Action Complaint for:**
               Plaintiff,
15                                                  **1. Unfair Competition (California
       vs.                                          Business & Professions Code § 17200 *et**
16                                                  ***seq.*); and**
    RENEWAL BY ANDERSEN LLC, a
17  Minnesota limited liability company; and        **2. False Advertising (California Business
    JOHN DOES 1–10,                                 & Professions Code § 17500 *et seq.*)**
18
               Defendants.
19

20

21

22

23

24

25

26

27

28

1    Plaintiff Alan Dunn ("Plaintiff") brings this action, on behalf of himself and all others
2    similarly situated, against Defendants Renewal by Andersen LLC, a Minnesota limited liability
3    company, and John Does 1–10 (collectively "Renewal" or "Defendants"), and states:

4    **I.  INTRODUCTION**

5    1.    Renewal by Andersen LLC is the window-replacement subsidiary of Andersen
6    Corporation. It is one of the largest window-replacement companies in the country, operating in
7    more than 100 markets across the United States.

8    2.    Renewal have professed that they are "committed to upholding and exceeding the
9    utmost standards of business ethics."[1] Yet Defendants' sales practices violate business ethics, as well
10   as the law.

11   3.    Federal regulations provide that for a product to be marketed as built or made in the
12   USA, the product must be "all or virtually all" made in America, with "no or negligible foreign
13   content." FTC's Made in USA Labeling Rule, 16 CFR Part 323. Violations of this regulation
14   constitute violations of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 57a. And
15   California law provides that no part of any product advertised as made in the USA (or similar words)
16   may be "entirely or substantially" manufactured outside America. Cal. Bus. & Prof. Code § 17533.7.

17   4.    Renewal falsely markets its replacement windows and doors, sold through Renewal
18   by Andersen LLC and its retailers, as being "Custom Built in the USA" and "Proudly Made in the
19   US." In truth, Renewal's products are made with both imported and American parts.

20   5.    Through this false advertising scheme, Defendants have violated California's unfair
21   competition and false advertising laws. This class action seeks restitution for California consumers
22   who purchased replacement windows and doors from Renewal by Andersen retailers in California
23   that were falsely advertised as having been built in America, as well as public injunctive relief to
24   protect potential future Renewal by Andersen consumers in California from Defendants' scheme.

25   **II.  JURISDICTION AND VENUE**

26   6.    This Court has jurisdiction over this action under Cal. Code Civ. Proc. § 410.10, Cal.

27   _____

28   [1] https://www.renewalbyandersen.com/news/2017/10/renewal-by-andersen-named-winner-of-bbb-torch-awards-for-ethics.aspx.

1   Bus. & Prof. Code §§ 17203–17204, 17604, and Cal. Code Civ. Proc. § 382.

2      7.      This Court has personal jurisdiction over Defendants. Events giving rise to the cause

3   of action occurred in California as a result of Defendants' conduct directed toward California

4   consumers, they directed the sale of their products to California consumers, and they made

5   misrepresentations toward California consumers who viewed and relied on those misrepresentations.

6      8.      Venue is proper in this Court under Cal. Code Civ. Proc. § 395(a) because Renewal

7   does not have a designated principal office in California.

8      9.      Plaintiff does not allege that he lacks an adequate remedy at law with respect to his

9   claims for restitution. Plaintiff brings claim for public injunctive relief to protect future potential

10  customers from Renewal's false country-of-origin scheme. While Plaintiff was injured by Renewal's

11  false advertising, he does not allege that he faces an actual or imminent threat of future harm.

12  **III.   PARTIES**

13     10.     Plaintiff Alan Dunn is a citizen of the State of California. Plaintiff purchased

14  replacement windows from an authorized Renewal retailer in California.

15     11.     Defendant Renewal by Andersen LLC is a Minnesota limited liability company

16  formed and organized on or about December 17, 2014, with a principal place of business at 9900

17  Jamaica Avenue South, Cottage Grove, Minnesota 55016. Renewal by Andersen LLC manufactures

18  and sells replacement windows and doors under the brand name "Renewal by Andersen." Renewal

19  by Andersen LLC is a wholly owned subsidiary of Andersen Corporation.

20     12.     Plaintiff does not know the names of the defendants sued as John Does 1–10 but will

21  amend this complaint when that information becomes known. Plaintiff alleges on information and

22  belief that each of the Doe defendants is affiliated with any of the named plaintiffs in some respect

23  and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, a

24  principal, an agent, a successor, an alter ego, a co-conspirator, or an aider-and-abettor with one of the

25  named defendants.

26  **IV.   GENERAL ALLEGATIONS**

27     13.     Defendants are engaging in a false advertising scheme in the marketing and selling of

28  Renewal by Andersen replacement windows and doors.

14.    Defendants advertise that their replacement windows and doors are "Custom Built in the USA" and "Proudly Made in the US," when in fact they contain foreign-made parts.



Renewal by Andersen: Custom Built in the U.S.A.



**Sponsored**

**Renewal by Andersen® –**

**Proudly Made In The US**

https://offers.renewalbyandersen.com › win...

Give Your Windows & Doors the Upgrade
They've Been Needing With This Limited Time
Offer. Schedule a Free Design Consultation ...

15.    Consumer advocate organization Truth in Advertising, Inc. (TINA), a nonprofit organization dedicated to helping consumers protect themselves from deceptive advertising, did an exhaustive investigation of Renewal's conduct and found Renewal's false claims of origin "in

4

1  brochures, television commercials, social media posts, magazines, flyers and on its website."[2] TINA

2  collected more than 80 examples of Renewal's deceptive country-of-origin advertising in these

3  different media.[3]

4      16.    In some but not all of those advertisements, Renewal notes in barely legible print at

5  the bottom of the page (or otherwise separated from its country-of-origin claims) that its replacement

6  windows and doors are built in America "using U.S. and imported parts." But that means their

7  products are not, by definition, made or built in America. And even if such a qualification were

8  permissible, it would have to be "sufficiently clear, prominent, and understandable to prevent

9  deception,"[4] which is not the case for Renewal.

10     17.    As TINA wrote to the FTC, seeking enforcement action against Renewal, "[l]abeling

11  products as Made in the USA is an incredibly popular and effective marketing tool. In fact, numerous

12  surveys have consistently found that a majority of U.S. consumers seek out American-made products

13  and are even willing to pay more for them.[5] And as tariffs drive up the cost of imported goods, Made

14  in USA products are now in even higher demand,[6] a fact that Renewal seems keenly aware of,"[7] as

15

16  _____

[2] https://truthinadvertising.org/articles/renewal-by-andersens-made-in-usa-window-
17  dressing/?utm_source=newsletter&utm_medium=email&utm_campaign=july_1_2025

18  [3] See www.truthinadvertising.org/evidence/renewal-by-andersen-made-in-usadatabase/.

[4] https://www.ftc.gov/legal-library/browse/enforcement-policy-statement-us-origin-claims.

19  [5] 2025 DuraPlas Made in America Survey, https://duraplasinc.com/blog/tariffs-arent-forcingamericans-to-adjust-
shopping-habits-yet; Jason McMann, Made in America Report, 2023 Edition, Morning Consult Pro,
20  https://pro.morningconsult.com/analyst-reports/made-in-americareshoring-consumer-goods; Cathalijne Adams, How
Do Americans Feel About Made in America in 2023?, All. for Am. Mfg. (July 5, 2023),
21  https://www.americanmanufacturing.org/blog/howdo-americans-feel-about-made-in-america-in-2023/; Andrew Adam
Newman, Consumers Will Pay More for American-Made Products, But Inflation Takes a Toll: Poll, Retail Brew (July
22  28, 2022), https://www.retailbrew.com/stories/2022/07/28/consumers-will-pay-more-for-americanmade-products-
but-inflation-takes-a-toll-poll; Reshoring Institute, Survey Says: Americans Prefer 'Made in USA,'
23  https://reshoringinstitute.org/wp-content/uploads/2020/09/made-in-usasurvey.pdf; Press Release, Bos. Consulting
Grp., U.S. and Chinese Consumers Willing to Pay More for Made in USA (Nov. 15, 2012),
24  https://truthinadvertising.org/wpcontent/uploads/2015/07/BCG-Press-Release-U....or-Made-in-USA-Products.pdf;
Knowing Which Products are Truly Made in America: How to Know Which Flag-Waving Products Are True Red,
25  White, and Blue, Consumer Reports (February 2013),
https://www.consumerreports.org/cro/magazine/2013/02/made-in-america/index.htm.
26  [6] Allison Smith, 'Made in USA' is Trending on Amazon, and Sellers are Leaning In (May 8, 2025),
27  https://digiday.com/marketing/made-in-usa-is-trending-on-amazon-and-sellers-areleaning-in/

28  [7] https://truthinadvertising.org/wp-content/uploads/2025/06/6_30_25-complaint-to-FTC-re-Renewal-by-
Andersen.pdf.

1    Renewal YouTube videos in response to the tariffs make clear.[8]

2         18.    Defendants' false country-of-origin advertising scheme violates California law in a

3    number of ways.

4         19.    First, it constitutes an unfair business practice under California's Unfair Competition

5    Laws ("UCL").

6         20.    Second, it constitutes a false advertising scheme under California's False Advertising

7    Laws ("FAL").

8         21.    Third, it constitutes an unlawful business practice under the UCL because it violates

9    the FAL.

10        22.    Fourth, it constitutes an unlawful business practice under the UCL because it violates

11   Cal. Bus. & Prof. Code § 17533.7, which makes it "unlawful for any person, firm, corporation, or

12   association to sell or offer for sale in this state any merchandise on which merchandise or on its

13   container there appears the words 'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words

14   if the merchandise or any article, unit, or part thereof, has been entirely or substantially made,

15   manufactured, or produced outside of the United States."

16        23.    Fifth, it constitutes an unlawful business practice under the UCL because it violates

17   Cal. Civ. Code § 1770(a)(2), which prohibits businesses from misrepresenting the "source" of goods

18   or services.

19        24.    Sixth, it constitutes an unlawful business practice under the UCL because it violates

20   Cal. Civ. Code § 1770(a)(4), which prohibits businesses from "[u]sing deceptive representations or

21   designations of geographic origin in connection with goods or services."

22        25.    Seventh, it constitutes an unlawful business practice under the UCL because it

23   violates Cal. Civ. Code § 1770(a)(5), which prohibits businesses from "representing that goods or

24   services have . . . characteristics . . . that they do not have."

25        26.    Eighth, it constitutes an unlawful business practice under the UCL because it violates

26

27   ────────────────

[8] *See, e.g.*, Renewal by Andersen, Renewal by Andersen: Custom Built in the U.S.A., YouTube (July 19, 2018), https://www.youtube.com/watch?v=SB0UIbRqf7w; Renewal by Andersen, It's More Than Just Replacement

28   Windows, YouTube (Nov. 22, 2017), https://www.youtube.com/watch?v=B9-BUxmbm_Q.

1  Cal. Civ. Code § 1770(a)(7), which prohibits businesses from "representing that goods or services
2  are of a particular standard, quality, or grade . . . if they are another."

3      27.    Ninth, it constitutes an unlawful business practice under the UCL because it violates
4  Cal. Civ. Code § 1770(a)(9), which prohibits businesses from "[a]dvertising goods or services with
5  intent not to sell them as advertised."

6      28.    Tenth, it constitutes an unlawful business practice under the UCL because it violates
7  Cal. Civ. Code § 1770(a)(16), which prohibits businesses from "[r]epresenting that the subject of a
8  transaction has been supplied in accordance with a previous representation when it has not."

9      29.    Eleventh, it constitutes an unlawful business practice under the UCL because it
10  violates federal law and federal regulations. The Federal Trade Commission Act (FTCA) prohibits
11  unfair or deceptive acts affecting commerce. 15 U.S.C. § 45(a)(1). The FTCA also prohibits
12  businesses from advertising or selling "a product with a 'Made in the U.S.A.' or 'Made in America'
13  label, or the equivalent thereof, in order to represent that such product was in whole or substantial
14  part of domestic origin" unless the label complies with decisions and orders of the FTC. 15 U.S.C.
15  § 45a. And FTC regulations provide that it is an unfair or deceptive act "to label any product as
16  Made in the United States unless the final assembly or processing of the product occurs in the
17  United States, all significant processing that goes into the product occurs in the United States, and
18  all or virtually all ingredients or components of the product are made and sourced in the United
19  States." 16 CFR § 323.2. The regulation defines "Made in the United States" to mean that a
20  product or service or a component thereof is "'made,' 'manufactured,' 'built,' 'produced,'
21  'created,' or 'crafted' in the United States or in America." *See* 16 CFR § 323.4; 15 U.S.C. § 57a.

22      30.    Twelfth, it constitutes a fraudulent business practice under the UCL.

23  **V.   SPECIFIC ALLEGATIONS**

24      31.    On February 17, 2023 and March 7, 2023, Plaintiff Alan Dunn purchased Renewal
25  replacement windows and doors from one of its California authorized retailers for $39,137.59.
26  Plaintiff understood from a Renewal brochure provided to him by a sales representative with a
27  "Custom Built in the USA" seal that its replacement windows and doors were made in America,
28  which was the main reason Plaintiff purchased Renewal replacement windows and doors, which are

significantly more expensive than many other brands of replacement windows and doors, as opposed to another brand. Here is the relevant page of the brochure:



**Customer Service**

Our professional sales consultants and expert installation teams are with you every step of the way.

**Products**

Innovative products and features are available throughout our product line.

**Professional Installation**

Our installers are experienced and understand the many critical steps involved with installing your new windows and doors properly.

**Nation's Best Warranty**



We offer one of the strongest limited warranties of any window and door manufacturer, and it is fully transferable should you sell your home!

8

WARREN
TERZIAN LLP

1     32.    Plaintiff did not see the miniscule text at the bottom of the page stating "using U.S.

2  and imported parts."

3     33.    Had Plaintiff known that neither all nor virtually all ingredients or components of

4  Renewal replacement windows and doors were made and sourced in the United States, he would not

5  have purchased the windows and doors or would only have been willing to purchase them for a price

6  significantly lower than he paid.

7  **VI.**    **CLASS ALLEGATIONS**

8     34.    Plaintiff brings this action on behalf of himself and all other similarly situated

9  individuals pursuant to California Code of Civil Procedure § 382 and seeks certification of the

10  following class against Defendants:

11
12
13
14
> **All California citizens who, within the applicable statute of limitations (the "Class Period"), purchased from a California Renewal by Andersen retailer one or more replacement doors or windows advertised as being "Custom Built in the USA" or "Proudly Made in the US," and who have not received a refund or credit for their purchase(s) (the "Class").**

15     35.    Excluded from the Class are Defendants and their parent companies, subsidiaries, and

16  affiliates, as well as their respective officers, employees, agents, and affiliates. Also excluded from the

17  Class is any judicial officer who presides over this action.

18     36.    Plaintiff reserves the right to expand, limit, modify, or amend the class definition,

19  including adding subclasses, in connection with their motion for class certification or at any other

20  time, based on, inter alia, changing circumstances or new facts obtained during discovery.

21     37.    The Class is so numerous that joinder of all members is impracticable. On information

22  and belief, Plaintiff believes that the proposed Class contains thousands of individuals. The precise

23  number of Class members is unknown to Plaintiff.

24     38.    Plaintiff's claims are typical of the Class because all Class members were deceived, or

25  were likely to be deceived, by Defendants' scheme. Plaintiff is advancing the same claims and legal

26  theories on behalf of himself and all Class members.

27     39.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has

28  retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this

WARREN
TERZIAN LLP

1 | action vigorously. Plaintiff has no antagonistic or adverse interest to the Class.

2 | 40. A class action is the superior procedure to vindicate the interests of Plaintiff and the

3 | Class. The amount by which Defendants were unjustly enriched at the expense of individual Class

4 | members is relatively modest compared to the burden and expense that would be entailed by

5 | individual litigation of their claims. It would thus be virtually impossible for Plaintiff and the Class to

6 | obtain effective redress through individual actions. Moreover, absent a class action, the equitable

7 | rights of Class members and the general public would likely not be vindicated, and Defendants will be

8 | permitted to remain unjustly enriched by their fraudulent and deceptive misdeeds.

9 | 41. This action involves common questions of law and fact that predominate over

10 | questions affecting individual Class members. These common legal and factual questions include, but

11 | are not limited to, the following:

12 | a. whether, during the Class Period, Defendants falsely represented their replacement
13 | windows and doors as being "Custom Built in the USA" and "Proudly Made in the
14 | US";

15 | b. whether, during the Class Period, all or virtually all ingredients or components of
16 | Renewal replacement windows and doors are made and sourced in the United States;

17 | c. the extent to which Renewal replacement windows and doors contained imported
18 | parts or components;

19 | d. the methods by which and extent to which Renewal failed to properly notify potential
20 | customers that its replacement windows and doors were made with imported parts;

21 | e. the extent to which, during the Class Period, Defendants' customers paid a premium
22 | for their products as a result of Defendants' false country-of-origin representations;

23 | f. whether Defendants' conduct constitutes a violation of the UCL and FAL as alleged
24 | herein;

25 | g. whether Defendants' conduct constitutes a violation of California law and federal law
26 | and regulations;

27 | h. whether Class members are entitled to restitution as a result of Defendants' scheme;
28 | and

WARREN
TERZIAN LLP

i.      whether Class members are entitled to public injunctive relief as a result of
Defendants' scheme.

42.    All Class members were exposed to Defendants' false country-of-origin scheme. Given the uniformity of Defendants' false advertising, it can be reasonably inferred that misrepresentations or omissions of material fact were uniformly made to all members of the Class. Given that the purpose of the scheme was to dupe consumers into thinking they were buying products made and sourced in the United States, it can be reasonably presumed that the Defendants' false advertising affected the purchasing decisions of all Class members. It can also reasonably be presumed that Class members uniformly paid more for their items than they would have had Renewal not falsely advertised that their products were "Custom Built in the USA," "Made in the US," and the equivalent.

43.    Absent public injunctive relief, Californians who are potential future customers of Renewal are susceptible to harm from Defendants' scheme.

44.    On information and belief, Defendants keep computerized records of their customers. Defendants have one or more databases through which a significant majority of Class members may be identified and ascertained, and they maintain contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.* against Defendants**

45.    Plaintiff realleges all of the allegations in prior paragraphs.

46.    Plaintiff brings this claim individually, on behalf of the members of the proposed Class, and on behalf of the general public against Defendants for violations of the UCL.

47.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200. Liability under the UCL attaches when a party engages in unfair, fraudulent, or unlawful practices, regardless of the party's state of mind.

WARREN
TERZIAN LLP

Unfair Business Practices

48.    A business act or practice is unfair under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

49.    Defendants' scheme constitutes an unfair business practice because the scheme misled customers, offended an established public policy of transparency in county of origin, and constituted immoral, unethical, oppressive, and unscrupulous activity that is substantially injurious to consumers.

50.    The harm to Plaintiff and members of the proposed Class outweighs any rationale for Defendants' practices. There were alternative means of furthering Defendants' legitimate business interests other than deceiving their customers.

Fraudulent Business Practices

51.    A business practice is fraudulent under the UCL if it is likely to deceive consumers.

52.    Defendants' scheme constitutes a fraudulent business practice because Defendants deceived Plaintiff and members of the proposed Class into purchasing products from Defendants under the false pretense that they were buying products that were made in America.

53.    Plaintiff and members of the proposed Class relied on Defendants' fraudulent and deceptive representations. These misrepresentations played a substantial role in Plaintiff's and members of the proposed Class's decision to purchase Renewal replacement windows and doors. Plaintiff and members of the proposed Class would not have purchased the products that they did for the price that they paid without Defendants' misrepresentations.

Unlawful Business Practices

54.    A business practice is unlawful under the UCL if it violates any other law or regulation.

55.    Defendants' false reference pricing scheme violates state and federal law. It violates The FAL, because it is a false advertising scheme. It violates Cal. Bus. & Prof. Code § 17533.7, which makes it "unlawful for any person, firm, corporation, or association to sell or offer for sale in this

state any merchandise on which merchandise or on its container there appears the words 'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States." It violates California Legal Remedies Act (CLRA) § 1770(a)(2), which prohibits businesses from misrepresenting the "source" of goods or services. It violates Cal. Civ. Code § 1770(a)(4), which prohibits businesses from "[u]sing deceptive representations or designations of geographic origin in connection with goods or services." It violates CLRA § 1770(a)(5), which prohibits businesses from "representing that goods or services have . . . characteristics . . . that they do not have." It violates CLRA § 1770(a)(7), which prohibits businesses from "representing that goods or services are of a particular standard, quality, or grade . . . if they are another." It violates CLRA § 1770(a)(9), which prohibits businesses from "[a]dvertising goods or services with intent not to sell them as advertised." It violates CLRA § 1770(a)(16), which prohibits businesses from "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." It violates 15 U.S.C. § 45(a)(1), which prohibits unfair or deceptive acts affecting commerce. It violates 15 U.S.C. § 45a, which prohibits businesses from advertising or selling "a product with a 'Made in the U.S.A.' or 'Made in America' label, or the equivalent thereof, in order to represent that such product was in whole or substantial part of domestic origin" unless the label complies with decisions and orders of the FTC. It violates FTC regulations 16 CFR §§ 323.2 and 332.4 that provide that it is an unfair or deceptive act "to label any product as Made in the United States unless the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States" and define "Made in the United States" to mean that a product or service or a component thereof is "'made,' 'manufactured,' 'built,' 'produced,' 'created,' or 'crafted' in the United States or in America."

56.     Defendants' unlawful, unfair, and fraudulent business practices have unjustly enriched Defendants at the expense of Plaintiff and members of the proposed Class.

57.     Plaintiff and members of the proposed Class are entitled under the UCL to restitution to Plaintiff and members of the proposed Class to the extent of Defendants' unjust enrichment as a

1    result of the scheme, or such other amount as the Court may find equitable.

2        58.    Plaintiff and members of the proposed Class are also entitled under the UCL to

3    injunctive relief, including public injunctive relief, enjoining Defendants' use of their unlawful,

4    unfair, and scheme in California in the future.

5                        **SECOND CAUSE OF ACTION**

6        **False Advertising, Cal. Bus. & Prof. Code § 17500 *et seq.* against Defendants**

7        59.    Plaintiff realleges all of the allegations in prior paragraphs.

8        60.    Plaintiff brings this claim individually, on behalf of the members of the proposed

9    Class, and on behalf of the general public against Defendants for violations of the FAL.

10       61.    The FAL makes it unlawful for a business that intends to sell a product to falsely

11   advertise that product. Cal. Bus. & Prof. Code § 17500.

12       62.    Defendants' false reference pricing scheme violated section 17500, because

13   Defendants' advertisements falsely and misleadingly claimed that their products were "Custom

14   Built in the USA" and "Proudly Made in the US," when in fact neither all nor virtually all of the

15   ingredients or components of their products were made and sourced in the United States.

16       63.    Defendants' false advertising misled Plaintiff and members of the proposed Class.

17       64.    Defendants' false advertising unjustly enriched Defendants at the expense of Plaintiff

18   and members of the proposed Class.

19       65.    Plaintiff and members of the proposed Class are entitled under the FAL to restitution

20   to Plaintiff and members of the proposed Class to the extent of Defendants' unjust enrichment as a

21   result of the scheme, or such other amount as the Court may find equitable.

22       66.    Plaintiff and members of the proposed Class are also entitled under the FAL to

23   injunctive relief, including public injunctive relief, enjoining Defendants' use of its unlawful, unfair,

24   and fraudulent scheme in California in the future.

25                          **PRAYER FOR RELIEF**

26       Plaintiff, on behalf of himself and the members of the proposed Class, requests that this

27   Court award the following relief against Defendants:

28       a.    an order certifying the Class and designating Plaintiff as Class Representative and his

WARREN
TERZIAN LLP

14

1  counsel as Class Counsel;

2      b.      restitution of all unjust enrichment that Defendants obtained from Plaintiff and the

3  Class members as a result of their unlawful, unfair, and fraudulent business practices and their false

4  advertising as described herein;

5      c.      public injunctive relief enjoining Defendants from continuing their false reference

6  pricing scheme in California in the future; and

7      d.      attorneys' fees and costs.

8

9  Dated: July 14, 2025                              **WARREN TERZIAN LLP**

10

11

12                                                   Thomas D. Warren

13                                                   *Counsel for Alan Dunn and Proposed Class*
                                                     *Counsel*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
Superior Court of California
County of Los Angeles

07/24/2025

David W. Slayton, Executive Officer/Clerk of Court

By: _____ Deputy
A. Rosas

1

2

3

4

5

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

11   Alan Dunn, on behalf of himself, all others        **Case No.:  25STCV20786**
     similarly situated, and the general public,

12
                                  **Plaintiff(s),**       **INITIAL STATUS CONFERENCE**
13                                                        **ORDER (COMPLEX LITIGATIO**
         **vs.**                                          **PROGRAM)**
14

15   Renewal by Andersen LLC, a
     Minnesota limited liability company; and            **Case Assigned for All purposes to**
16   John Does 1–10,                                     **Judge Elihu M. Berle**

17
                                  **Defendant(s),**
18                                                        **Department 6**
                                                          **Date: September 9, 2025**
19                                                        **Time: 11:00 a.m.**

20   ────────────────────────────────

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────
                                    -1-
INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program.  An Initial Status Conference is set for 9/09/2025, at 11:00 a.m. in Department 6 located in the Los Angeles Superior Courts at United States Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

Counsel are urged to appear remotely via LA COURT CONNECT. The attorney portal can be found on the Court's website at lacourt.org.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on all parties, within five (5) days of service of this order.  If any defendant has not yet been served in this action, service is to be completed within twenty (20) days of the date of this order.

The Court orders counsel to meet and confer to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process.  Counsel then must negotiate and agree, as possible, on a case management plan.

Counsel must file a Joint Initial Status Conference Statement seven (7) calendar days before the Initial Status Conference.  The Joint Initial Status Conference Statement must be filed on line-numbered pleading paper and must specifically address each of the below numbered items.  Do not use the Judicial Council Form CM-110 (Case Management Statement).

1.  **PARTIES AND COUNSEL:**  Please list all presently named plaintiffs and/or class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.

2.  **ELECTRONIC SERVICE OF PAPERS:**  for administrative efficiency and conservation of resource for the parties and court, the complex program requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),
- CaseHomePage (www.casehomepage,com), or
- File&ServeXpress (www.lexisnexis.com/fileandserve).

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

The parties are to select one of these vendors and submit the parties' choice when filing the Joint Initial Status Conference Statement.  If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.

**3.  CLAIMS AND DEFENSES:**  Set forth a brief description of the core factual and legal issues, derived from Plaintiff's claims and defendant's defenses.

**4.  POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more plaintiffs and/or class representatives?  If so, and if known, by what date and by what name will these parties be identified? Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name will these defendants be identified?   Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named as a cross-defendant and what are the specific cross claims to be asserted?

**5.  IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that the complaint names the wrong person or entity, please explain.

**6. (For class actions) ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  Does any party contend one or more named plaintiffs might not be an adequate class representative. If so, please explain.

**7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:**  What is the estimated size of the putative class?

**8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Are there other cases with overlapping class definitions? If so, please identify the court, the short caption title, the docket number, and the case status.

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:**  Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery.  In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance.***  This stay shall

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant should file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.  The filing such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, any affirmative defense, and the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the parties in managing this "complex" case.  Although the stay applied to discovery, this stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case.

Dated: 7/24/2025



**Elihu M. Berle**

Elihu M. Berle / Judge

HON. ELIHU M. BERLE
JUDGE OF THE SUPERIOR COURT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
#### Central District, Spring Street Courthouse, Department 6

**25STCV20786**                                                                July 24, 2025
**ALAN DUNN vs RENEWAL BY ANDERSEN LLC**                                        1:49 PM

Judge: Honorable Elihu M. Berle                CSR: None
Judicial Assistant: Aracely Rosas              ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Setting Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 9/9/2025 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 6

**25STCV20786**                                                    July 24, 2025
**ALAN DUNN vs RENEWAL BY ANDERSEN LLC**                            1:49 PM

Judge: Honorable Elihu M. Berle           CSR: None
Judicial Assistant: Aracely Rosas         ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**25STCV20786**                                                      July 24, 2025
**ALAN DUNN vs RENEWAL BY ANDERSEN LLC**                              1:49 PM

Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: Aracely Rosas        ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Service is attached.